In the Matter of VERINDA BROWN, Petitioner.*

MAJOR J. DIVINE, Respondent.

Supreme Court, Special Term, New York County, June 8, 1942.

---

* Affd., 265 App. Div. 802; leave to appeal to Court of Appeals denied, 265 App. Div. 817; 289 N. Y. 852.

*William W. Lowell* for petitioner.

*David Diamond* and *J. Irving Weissman* for respondent.

McLaughlin, J. Section 793 of the Civil Practice Act provides that where the judgment debtor claims or is proved to be rendering services to or employed by another without salary or compensation, or at such inadequate salary or compensation as to satisfy the court that the same is merely colorable and designed to defraud or impede creditors of the debtor, the court may direct the debtor to make payments on account of the judgment in installments based upon the reasonable value of the services rendered by the judgment debtor or upon his then earning ability. It is clear from the papers before the court on the present motion that the judgment debtor renders services as " Pastor " of various incorporated organizations. He claims that he receives no compensation whatsoever for these services. The situation is therefore one within the express wording of section 793 of the Civil Practice Act. The judgment debtor since the enactment of that section may not render services gratis at the expense of his creditors. The motion is granted to the extent of directing the judgment debtor to pay the sum of $100 per week on account of the judgment. Settle order.